UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22010-BLOOM/Otazo-Reyes

SAMUEL LONGINO,

Plaintiff,

v.

CARLOS J. MARTINEZ, Public Defender,
and PENNY KIM, Assistant Public Defender,

Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND & GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's

Complaint and Incorporated Memorandum of Law, ECF No. [6] ("Motion to Dismiss"), and

Plaintiff's Motion to Remand Plaintiff's Complaint, ECF No. [13] ("Motion to Remand").

Plaintiff's Complaint was originally filed in the Eleventh Judicial Circuit Court in and for Miami-

Dade County, Florida, Case No. 22-02111-CA01, ECF No. [1-2] ("Complaint"), but Defendants

filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, ECF No. [1] ("Notice"). Plaintiff

filed a Response in Opposition to the Motion to Dismiss, ECF No. [15], and Defendants have filed

a Response to the Motion to Remand, ECF No. [16]. After reviewing the record and the relevant

pleadings, the Motion to Remand is granted in part and denied in part consistent with this Order,

and the Motion to Dismiss is granted.

## I.      BACKGROUND

Plaintiff Samuel Longino ("Plaintiff" or "Mr. Longino") is presently housed at the Florida

Civil Commitment Center in Arcadia, Florida. ECF No. [1-2] at ¶ 1. Plaintiff has been involuntarily

committed to the custody of the Florida Department of Children and Families, pursuant to Florida's Jimmy Ryce Act, since at least 2006. *See* ECF No. [1-4] at 16; *see generally* Involuntary Civil Commitment of Sexually Violent Predators Act ("Jimmy Ryce Act"), Fla. Stat. §§ 394.910–.932. A "probable cause hearing" was scheduled for January 27, 2017, where a state court judge determined if "there [was] probable cause to believe that [Plaintiff's] condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." Fla. Stat. § 394.918(3); ECF No. [1-2] at ¶ 4. Mr. Longino was represented by Assistant Public Defender Penny Kim ("Ms. Kim") during this probable cause hearing—Carlos J. Martinez ("Mr. Martinez"), the elected Public Defender of Miami-Dade County, supervised Ms. Kim and the other Assistant Public Defenders at the time of this hearing. ECF No. [1-2] at ¶¶ 2–3.

At the hearing, Ms. Kim presented the reports of two licensed psychologists: Dr. Dean Cauley and Dr. Chris Carr. ECF No. [1-2] at ¶ 6; *see also* ECF No. [1-4] at 16–38 ("Cauley Report"); ECF No. [1-4] at 39–59 ("Carr Report"). Both doctors opined that Plaintiff "no longer met the criteria for involuntary civil commitment, that it was safe for him to be at large in the community, [and] that he would not engage in acts of sexual violence." ECF No. [1-2] at ¶ 7. The Assistant State Attorney, in turn, relied on a report authored by Dr. Shelia Rapa opining that Plaintiff should remain civilly committed. *Id.* at ¶ 9; *see also* ECF No. [1-4] at 60–66 ("Rapa Report"). During the probable cause hearing, Ms. Kim "neglected to have [Drs. Cauley and Carr] present during the hearing so that they could offer expert testimony" and did not object to the "use of the report that had been written by Doctor Rapa." ECF No. [1-2] at ¶¶ 8, 10–12. The state court judge ultimately found that Plaintiff did not establish probable cause under the Jimmy Ryce Act and ordered that Plaintiff continue to be civilly committed. *Id.* at ¶ 13.

Following the hearing, Ms. Kim informed Plaintiff that she would appeal the state court judge's decision. *Id.* at ¶ 14. After nearly two years of waiting, Plaintiff wrote a letter to Ms. Kim inquiring about the status of his appeal. *Id.* at ¶ 15. Ms. Kim responded that "I did submit your case for appeal but I have not heard anything from the appellate attorney regarding your case." *Id.* at ¶ 16; *see also* ECF No. [1-4] at 67. For the next two years, Plaintiff would continue to contact Ms. Kim about the status of his appeal, but Ms. Kim would purportedly tell him that "[t]hose things take time. Besides, the appellate attorney is very busy. Surely you understand that." ECF No. [1-2] at ¶ 16. In June 2021, Plaintiff became frustrated and concerned that Ms. Kim was not being honest, so he sent a letter to the Clerk of the Court of Florida's Third District Court of Appeal ("Third DCA") to inquire about the status of his appeal. *Id.* at ¶¶ 18–19. The Clerk responded to Plaintiff that "this office has not received any appeal in a case under your name." *Id.* at ¶ 20; *see also* ECF No. [1-4] at 68. Plaintiff attempted to file a *pro se* petition for belated appeal and/or a writ of habeas corpus with the Third DCA, but the court denied his petition on November 2, 2021. ECF No. [1-2] at ¶¶ 21–22.

Thereafter, Plaintiff filed a Complaint in state circuit court against Ms. Kim and Mr. Martinez. The Complaint contains several allegations against both Defendants. First, Plaintiff claims that Ms. Kim misrepresented him, rendered ineffective assistance of counsel by failing to appeal the state trial court's probable cause determination, and "continued to deceive the plaintiff, with willful intent and reckless disregard for his right to access to the courts [sic], by telling him over and over that she'd submitted his case for appeal." *Id.* at ¶¶ 23–24. Next, Plaintiff argues that Defendants' "gross negligence" constituted cruel and unusual punishment by causing him to be "inflicted with great psychological pain, so much that he lost faith in the treatment process," and that he began "sexually acting out with other residents." *Id.* at ¶¶ 33–35. Finally, Plaintiff argues

that Ms. Kim violated his right to due process by (1) intentionally depriving Plaintiff of his right to be physically present at all but one of his biannual limited probable cause hearings under the Jimmy Ryce Act, and (2) intentionally depriving Plaintiff of his right to appeal the results of the January 27, 2017 hearing. *Id.* at ¶¶ 38–40.

## II.   LEGAL STANDARD

### A.  Removal of State Proceedings

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation

omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

**B. Motion to Dismiss Standard**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the

non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Longino is a *pro se* litigant. Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

## III.   DISCUSSION

To resolve the pending issues before it, the Court must answer two distinct, but deeply interrelated, inquiries. The first is whether this action was properly removed from state court. According to Defendants, Plaintiff's Complaint is, at its core, a civil rights complaint under 42 U.S.C. § 1983 since Plaintiff is alleging that state actors have violated his constitutional rights. *See*

ECF No. [6] at 7. Plaintiff, in turn, suggests that this action sounds in state tort law and alleges that his attorneys committed legal malpractice. *See* ECF No. [1-2] at 2–3; ECF No. [13] at 1–2. If Plaintiff is correct, then the Court must remand this action back to state court. *See Univ. of S. Ala.*, 168 F.3d at 410 ("[W]hen an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. . . . However, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." (quoting 28 U.S.C. § 1447(c))).

If, however, removal was appropriate, the Court must then reach the merits of Defendants' Motion to Dismiss. Defendants provide a litany of reasons why they believe the Complaint should be dismissed: (1) the Complaint is an impermissible "shotgun pleading," (2) the official capacity claim against Ms. Kim should be dismissed as "redundant," (3) Plaintiff failed to state that Defendants acted under color of state law as required by Section 1983, (4) Plaintiff failed to state a claim of negligence under state law, and (5) Plaintiff's claim is time-barred under the relevant statute of limitations. *See* ECF No. [6] at 5–9. After reviewing the relevant pleadings, the Court concludes that the Motion for Remand should be granted in part and denied in part and that the Motion to Dismiss should be granted on all claims that are not remanded back to the state court.

**A.  The Court Has Jurisdiction Over Plaintiff's Federal Claims**

As previously stated, the first, essential step is to determine if Defendants appropriately removed Plaintiff's Complaint to federal court. Removal is only appropriate when "the action could have been brought in federal court in the first instance." *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-cv-20048, 2018 WL 4292018, at *1 (S.D. Fla. Sept. 10, 2018). Defendants claim that the Court has "federal question jurisdiction" over this case because the Complaint "includes a claim arising under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C.

§ 1441(c)(1)(A); ECF No. [1] at ¶¶ 2–3. Specifically, Defendants assert that the Complaint "claims for money damages for Sixth Amendment violations and violations of the Fourteenth Amendment. The Plaintiff cites the objective and subjective components of a Cruel and Unusual Punishment claim in the pleading. In the pleading, the Plaintiff also has a due process section/claim." ECF No. [16] at 3.

It is clear from the face of the Complaint that Plaintiff alleges that Defendants violated his constitutional rights. *See, e.g.*, ECF No. [1-2] at ¶ 36 ("Defendant Penny Kim's acts of negligence were inflicted upon the plaintiff willfully, with wanton and reckless disregard for his Constitutionally and statutory rights guaranteed him by the U.S. Constitution and the laws of the State of Florida."); *id.* at ¶ 43 ("Defendant Kim's failure to submit the plaintiff's case for appeal denied him due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States."); *see also* ECF No. [15] at 7–8 (alleging that Defendant Kim "rendered ineffective assistance of counsel" in violation of the Sixth Amendment"). Because Plaintiff alleges that Defendants Mr. Martinez and Ms. Kim, two officials employed by the State of Florida, deprived him of a right, privilege, or immunity secured by the Constitution or federal law, the Court agrees with Defendants that Plaintiff's claims can be analyzed under 42 U.S.C. § 1983. Since the Complaint seemingly relies upon "the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, the Court would have had subject matter jurisdiction over the Complaint if it had been filed in this forum first; therefore, removal was appropriate, *see Gonzalez*, 2018 WL 4292018, at *1.

## B. The Court Declines to Exercise Supplemental Jurisdiction Over the State Law Claim

Although the Complaint's reliance on federal law brings it into the jurisdictional orbit of this federal district court, the Complaint also avails itself of Florida's tort laws. *See* ECF No. [1-

2] at 1 ("This is a negligence tort action filed by Samuel Longino . . . . He is suing for money damages in the amount of $300,000.00 under [Fla. Stat. § 768.28.]"). When a case raises issues of federal and state law, a federal court can exercise "supplemental jurisdiction" over the state law claims so long as they "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Defendants concede that the Complaint contains a state law claim and that the Court should exercise its supplemental jurisdiction of that claim. *See* ECF No. [1] at ¶ 4; ECF No. [16] at 3–4. Plaintiff counters that his state-law claims "predominat[e] over [the] federal claims set out in the complaint" and that his "complaint is based on State law violations substantiated by federal Constitutional rights, and don't belong in this venue." ECF No. [13] at ¶¶ 2–3.

Section 1367(a) "defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the *power* of the federal courts to hear supplemental claims and claims against supplemental parties." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994) (emphasis in original). The Court agrees with Defendants that, in a vacuum, exercising supplemental jurisdiction in this case would be proper because Plaintiff's state law negligence claim is so intertwined with his federal law claims that they share a "common nucleus of operative fact" and can be considered "one constitutional 'case'" under Article III. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, this is not the end of the supplemental jurisdiction analysis. Section 1367(c) "describes the occasions on which a federal court may exercise its *discretion* not to hear a supplemental claim or admit a supplemental party, despite the *power* of the court to hear such a claim." *Palmer*, 22 F.3d at 1566 (emphasis in original). This statute provides four bases on which a district court "may decline to exercise supplemental

jurisdiction" over a state-law claim: (1) "the claim raises a novel or complex issue of State law," (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has jurisdiction," or (4) "in exceptional circumstances[.]" 28 U.S.C. § 1367(c).

The Court agrees with Plaintiff that his state-law claim "substantially predominates" over his federal claims and declines to exercise supplemental jurisdiction for that reason. *Id.* § 1367(c)(2). This "substantial predominance" exception applies "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quoting *McNerny v. Neb. Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1117–18 (D. Neb. 2004)).

Here, Plaintiff frames this case as "a negligence tort action[.]" ECF No. [1-2] at 1. Although the Complaint is not a model of clarity, the Court can discern that the crux of Plaintiff's allegations is that Defendant Kim committed legal malpractice while representing Plaintiff during his Jimmy Ryce proceedings through her purportedly negligent and unprofessional behavior. *See id.* at ¶¶ 23–24 ("Defendant Penny Kim misrepresented the plaintiff . . . . [she] continued to deceive the plaintiff, with willful intent and reckless disregard . . . by telling him over and over that she'd submitted his case for appeal."). Plaintiff then alleges that the malpractice, in it of itself, violated his federal constitutional rights. *See id.* at ¶¶ 25–40. In other words, the alleged *federal constitutional violations* were merely byproducts of the original wrongful act under *state law*: Defendant Kim's alleged legal malpractice and negligence. *See, e.g.*, *Morgan v. Christensen*, 582 F. App'x 806, 808 (11th Cir. 2014) ("Morgan's lawsuit stems from an alleged physical assault . . . that took place in a Florida state courtroom. Deciding this claim would require the district court to apply Florida tort law for assault, negligence, and intentional infliction of emotional distress, as

opposed to federal law. Morgan's federal claims . . . are an appendage to her state tort claims, which substantially predominate in this matter."). Accordingly, the Court concludes that the Plaintiff's legal malpractice claim under Florida state law "constitutes the real body of [the] case" and that it should decline to exercise supplemental jurisdiction over this state-law claim because it predominates the federal claims. *See Parker*, 468 F.3d at 744.

Defendants argue that "there is no legitimate reason . . . to presumably conduct (2) separate cases involving, as the Plaintiff admits in his pleading, the same operative facts regarding the alleged misdeeds." ECF No. [16] at 5–6. While this argument is well-taken from a judicial economy perspective, it is unavailing in light of *In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996). In that case, the Eleventh Circuit was tasked with determining whether "a district court has discretion to remand to state court a case that includes a properly removed federal claim." *Id.* at 607. The district court in that case concluded that, although it had subject matter jurisdiction over the case's Section 1983 claims, a full remand was appropriate because "the state law issues substantially predominated over the federal issues." *Id.* at 606–07. The Eleventh Circuit held that this was an abuse of the trial court's discretion since "[s]ection 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim." *Id.* at 607 (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995)). However, in holding so, the Eleventh Circuit implicitly held that the district court could remand the predominant state law claims back to state court while still retaining jurisdiction over the federal claims.[1] *See id.* at 607–08; *see also Scully v. Volusia Cnty., Fla.*, No. 6:10-cv-

---

[1] The court also recognized that an entire hybrid federal-state action could be remanded back to state court when the claims are "separate and independent." *City of Mobile*, 75 F.3d at 608 (citing 28 U.S.C. § 1441(c)). However, since all the claims in Plaintiff's Complaint deal with the same operative facts and are "based on a common event or transaction," *i.e.*, Defendants alleged legal malpractice in relation to Plaintiff's Jimmy Ryce hearing, this exception does not apply. *Id.*; *see generally* ECF No. [1-2].

1306, 2010 WL 11626820, at *7 (M.D. Fla. Nov. 16, 2010) ("While a district court cannot divest itself of claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims if any of the § 1367(c) factors apply." (citing *City of Mobile*, 75 F.3d at 607)).

Based on the *City of Mobile* decision, the Court remands Plaintiff's state-law legal malpractice claim to the Eleventh Judicial Circuit Court. Since the Court would have had original jurisdiction over Plaintiff's § 1983 claims, it cannot remand them to the state court and must instead review them on their merits.

### C.  The Federal Claims Must be Dismissed

Having remanded any state-law based claims, the Court's final objective is to determine if the remaining federal claims can survive Defendants' Motion to Dismiss. A review of the Complaint reveals that Plaintiff has attempted to raise three distinct federal claims: (1) Defendant Kim rendered ineffective assistance of counsel in violation of the Sixth Amendment, *see* ECF No. [1-2] at ¶¶ 23–24; (2) Defendant Kim's legal malpractice resulted in a cruel and unusual punishment in violation of the Eighth Amendment, *see id.* at ¶¶ 25–37; and (3) Defendant Kim's malpractice deprived Plaintiff of his right to due process under the Fourteenth Amendment, *see id.* at ¶¶ 38–40.[2] To state a Section 1983 claim based on any of these alleged constitutional violations,

---

[2] The Court notes that the Complaint does not allege that Defendant Martinez personally violated Plaintiff's constitutional rights or that he and his office had a "policy or custom" which caused the violations. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."). Instead, Plaintiff appears to allege that Defendant Martinez is vicariously liable for the actions of his subordinate, Defendant Kim, based on a theory of *respondeat superior*. *See* ECF No. [1-2] at ¶ 41 ("Defendant Martinez was grossly negligent in supervising defendant Kim, and is equally responsible for the torts committed by her against the plaintiff, within the scope of her employment." (errors in original)). However, while *respondeat superior* may be a valid basis for liability under tort law, Section 1983 forbids a plaintiff from collecting monetary damages against a defendant simply because their subordinate may have violated the plaintiff's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983."). Therefore, any claims against Defendant Martinez must be dismissed on this basis.

Plaintiff must show that he was "deprived of a right secured by the Constitution or laws of the United States," and that "the alleged deprivation was committed under color of state-law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Defendants argue that Plaintiff has failed to meet either of these requirements. First, Defendants claim that "Plaintiff's allegations against his court appointed attorneys fail to state a claim under Section 1983 as counsel did not act under 'color of state law.'" ECF No. [6] at 7. Second, Defendants assert that a negligence/legal malpractice-based claim against a court-appointed attorney is not cognizable under Section 1983. *See id.* at 7–8.

The Court agrees with Defendants' first argument. It is true that a public defender is a state employee and would therefore "act under color of state law while performing certain administrative and possibly investigative functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). However, the Supreme Court has developed an unambiguous bright-line rule on this issue: "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.*; *accord Wusiya v. City of Miami Beach*, 614 F. App'x 389, 392 (11th Cir. 2015) ("[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state rather than an indigent client has no bearing on the lawyer's duties and obligations."); *see also Finfrock v. Crist*, No. 2:07-cv-246, 2008 WL 4710784, at *2 (M.D. Fla. Oct. 23, 2008) (applying *Dodson* to public defenders who represented the plaintiff during a Jimmy Ryce hearing). Plaintiff's complaints against Defendant Kim are solely premised on her allegedly defective representation as his attorney during before, during, and after Plaintiff's Jimmy Ryce hearing. *See* ECF No. [1-2] at ¶¶ 4–22 (accusing Defendant Kim of neglecting to call expert witnesses during Plaintiff's hearing, failing to object to the prosecutor's report, and lying to

Case No. 22-cv-22010-BLOOM/Otazo-Reyes

Plaintiff about the status of an appeal before the Third DCA).

In short, Section 1983 cannot be used as a vehicle to sue the Defendants for their representation of Plaintiff during his Jimmy Ryce hearing. As the Supreme Court has clearly explained, the proper recourse for the aggrieved client of a public defender is to either assert a claim of malpractice "in an appropriate case under state tort law" or challenge his or her incarceration by initiating state and federal habeas corpus proceedings—not to allege a constitutional violation under Section 1983. *Dodson*, 454 U.S. at 325 & n.18. The Court's decision will leave intact Plaintiff's legal malpractice/negligence claim under Florida law, and it will be up to the state court to determine if Plaintiff is entitled to relief. Insofar as Plaintiff argues that this alleged malpractice infringed upon his constitutional rights, the Court concludes that no such relief can be granted in federal court and that the action must be dismissed.[3]

## IV.    CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion to Remand, **ECF No. [13]** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's state-law tort claim accusing Defendants of negligence and legal malpractice are **REMANDED** to Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida for further proceedings. The Motion to Remand is **DENIED** in all other respects.

2.  Defendants' Motion to Dismiss **ECF No. [6]** is **GRANTED**. All remaining claims that were not remanded to state court are **DISMISSED WITH PREJUDICE**.

---

[3] A court must usually provide a *pro se* plaintiff with the opportunity to amend his complaint before dismissing an action with prejudice. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). However, leave to amend a complaint need not be granted "when the complaint as amended would still be properly dismissed[.]" *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Any amendment would be futile since no Section 1983 claim can be advanced against Defendants based on their actions as his court-appointed lawyers. *See Dodson*, 454 U.S. at 325.

3. Any other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Samuel Longino, *Pro Se*
990885
Florida Civil Commitment Center
13619 SE Highway 70
Arcadia, FL 34266